PROB 12C
(Rev.2011)

# United States District Court
for
Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 2615]

Name of Offender: <u>Chanita Whitlow</u>  Case Number: <u>3:09-00240-24</u>

Name of Judicial Officer: <u>Honorable John T. Nixon, Senior U.S. District Judge</u>

Date of Original Sentence: <u>November 30, 2012</u>

Original Offense: <u>18 U.S.C. § 1512(k) Conspiracy to Tamper with a Witness, Victim, or Informant</u>

Original Sentence: <u>21 months' custody and two years' supervised release</u>

Type of Supervision: <u>Supervised release</u>  Date Supervision Commenced: <u>October 22, 2013</u>

Assistant U.S. Attorney: <u>Sunny A.M. Koshy</u>  Defense Attorney: <u>John P. Cauley</u>

## PETITIONING THE COURT

    <u>X</u>    To Consider Additional Violations/Information.
    ____    To issue a Summons.
    ____    To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Consideration of Additional Violations/Information.

Considered this 24th day of April, 2014,
and made a part of the records in the above case.

_____
John T. Nixon
Senior U.S. District Judge

I declare under penalty of perjury that the
foregoing is true and correct.
Respectfully submitted,

_____
Amanda M. Russell
U.S. Probation Officer

Place    Nashville, TN

Date    April 23, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 2615, has been amended as follows:

> Violation No. 1 - has been updated to include an additional positive drug test result for marijuana on April 15, 2014.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

**1.**  **The defendant shall refrain from any unlawful use of a controlled substance.**

Since beginning supervision, Ms. Whitlow has tested positive for marijuana on eight different occasions, each confirmed positive by the testing laboratory.

| | |
|---|---|
| October 23, 2013 | February 14, 2014 |
| December 3, 2013 | February 25, 2014 |
| January 2, 2014 | February 25, 2014 |
| January 22, 2014 | April 15, 2014 |

When questioned by the probation officer on October 23, 2013, Ms. Whitlow admitted to smoking a marijuana joint on October 21, 2013, one day prior to being released from custody on October 22, 2013. Ms Whitlow reported she was on an approved home pass from the halfway house and smoked the marijuana joint with a friend, while in her apartment complex's parking lot.

When questioned by the probation officer on December 3, 2013, Ms. Whitlow admitted to taking six hits off one "blunt" on Thanksgiving Day, while visiting with relatives at her aunt's residence. She reported she made a "stupid mistake" and it would not happen again.

When questioned by the probation officer on January 2, 2014, Ms. Whitlow denied any new use of marijuana. It wasn't until she tested positive for marijuana, again, on January 22, 2014, that Ms. Whitlow admitted to smoking a marijuana joint on Christmas Eve, given to her by her uncle. She admitted to smoking the joint in her apartment complex's parking lot. Ms. Whitlow further admitted to smoking another joint on January 10, 2014, after getting off work. She continued to report she keeps making "stupid mistakes" but understands the consequences of her continued drug use.

When questioned by the probation officer on February 25, 2014, Ms. Whitlow, again, denied any new use of marijuana. After further questioning, Ms. Whitlow admitted to taking a few puffs off a marijuana joint on her birthday, January 24, 2014. She reported she did not think it would still be in her system.

When questioned by the probation officer on April 15, 2014, Ms. Whitlow denied using marijuana. She could provide no explanation as to why the illegal drug would be in her system

**2.**     **The defendant shall pay a special assessment in the amount of $100.**

Even though she is employed on a full-time basis, Ms. Whitlow has failed to pay the remaining $75.00 balance of her $100.00 special assessment since beginning supervision on October 22, 2013.

**Compliance with Supervision Conditions and Prior Interventions:**
Chanita Whitlow is employed, full-time, by United Record Pressing, and lives in Goodlettsville, Tennessee. She began her two-year term of supervised release on October 22, 2013, and is due to terminate supervision on October 21, 2015.

A report was submitted to the Court on November 1, 2013, regarding Ms. Whitlow's violation of testing positive for marijuana on October 23, 2013. The Court ordered no action at that time. Ms. Whitlow was given a verbal reprimand, referred for outpatient substance abuse treatment, and re-instructed to not use any illegal substances.

A report was submitted to the Court on December 20, 2013, regarding Ms. Whitlow's violation to testing positive for marijuana on December 3, 2013. The Court ordered no action at that time. Ms. Whitlow was given another verbal reprimand and re-instructed, again, to not use any illegal substances.

Following Mr. Whitlow's positive drug test on October 23, 2013, she was referred to Centerstone Mental Health for a substance abuse assessment and weekly outpatient treatment. Her therapist is aware of her continued use of illegal substances and she is currently participating in treatment as recommended, around her work schedule. The probation officer has given Ms. Whitlow multiple verbal reprimands for her illegal drug use and afforded her the opportunity to participate in outpatient substance abuse treatment, but she continues to use marijuana.

A petition was submitted to the Court on February 12, 2014, regarding Ms. Whitlow's continued use of marijuana. The Court ordered the issuance of summons on February 18, 2014, and Ms. Whitlow was ordered to appear at the U.S. Marshal's Office on or before March 5, 2014. Ms. Whitlow appeared on her summons on March 5, 2014, and was released to the same conditions of supervised release, pending her revocation hearing.

Following Ms. Whitlow's positive drug test on February 25, 2014, the probation officer encouraged her to enter, and successfully complete, inpatient substance abuse treatment, in order to help her deal with her marijuana addiction. Previous attempts were made by the probation office, but Ms. Whitlow reported she could stop using marijuana on her own. She agreed to enter inpatient treatment, admitting she had a problem with marijuana. The probation office arranged Ms. Whitlow's admission into New Leaf Recovery's 28-day inpatient substance abuse treatment program, in Cookeville, Tennessee, to be March 6, 2014, the day after she was to appear on her summons, as ordered by the Court. Ms. Whitlow entered New Leaf Recovery on March 6, 2014, and was successfully discharged on March 20, 2014.

Ms. Whitlow has been drug tested on four different occasions, following her discharge from New Leaf Recovery on March 20, 2014, and the first three drug test results were negative for illegal substances. The most recent, on April 15, 2014, was confirmed positive for marijuana. Ms. Whitlow has been referred back to Centerstone for weekly outpatient treatment. Her therapist is aware of her successful completion of inpatient treatment, her three negative drug test results, as well as her most recent positive.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that this additional violation be considered at a revocation hearing to be held before Your Honor on May 1, 2014. These new violations have been discussed with Assistant U.S. Attorney Sunny A.M. Koshy, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. CHANITA WHITLOW, CASE NO. 3:09-00240-24

**GRADE OF VIOLATION:** C  
**CRIMINAL HISTORY:** II

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **2 years (Class C Felony)**<br>*18 U.S.C. § 3583(e)(3)* | **4-10 months**<br>*U.S.S.G. § 7B1.4(a)* | **No recommendation** |
| SUPERVISED RELEASE: | **3 years less any term of imprisonment**<br>*18 U.S.C. § 3583(h)* | **1-3 years**<br>*U.S.S.G. § 5D1.2(a)(2)* | **No recommendation** |

18 U.S.C. § 3583(g)(4) If the defendant, as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

*[signature]*

Amanda M. Russell  
U.S. Probation Officer

Approved: *[signature]*

Britton Shelton  
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Chanita Renee Whitlow

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:09CR00240 - 24

3. **District/Office** Middle District of Tennessee- Nashville

4. **Original Sentence Date** 11 / 30 / 2012
   *month  day  year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Shall refrain from any unlawful use of a controlled substance. | C |
   | Shall pay a special assessment in the amount of $100.00. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — C

9. **Criminal History Category** *(see §7B1.4(a))* — II

10. **Range of Imprisonment** *(see §7B1.4(a))* — 4 - 10 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Chanita Renee Whitlow

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____   Community Confinement _____

    Fine($)       _____   Home Detention          _____

    Other     $75 special assessment        Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a
    sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002